IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSHUA NEWTON                    *
                                 *
                                 *
v.                               *     Civil Action No. WMN-14-1532
                                 *
THE KENIFIC GROUP                *
                                 *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM

Pending before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Complaint.  ECF No. 12.  The motion is fully briefed.  Upon consideration of the pleadings and applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Defendant's Partial Motion to Dismiss will be denied.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joshua Newton alleges that Defendant, the Kenific Group, did not fulfill its promise of employment and brings this action to recover damages arising from his reliance on the proffered job.  The facts, as alleged in the Complaint, are as follows.

Plaintiff began looking for new employment in October 2013 while working at Toyota Motor Credit.  On October 8, Plaintiff interviewed with Defendant's representative, Kyle Brumby, where Plaintiff alleges he "made it crystal-clear" that he was secure in his current job and would only accept a position with

Defendant if it provided greater compensation.  Compl. ¶ 24, ECF
No. 2.  After the interview, Plaintiff received a written job
offer from Defendant for a position as a Senior Program Analyst
with a salary of $54,000, a start date of October 28, 2013, and
instructions to complete employment forms.  The written job offer
also stated: "[t]he offer of employment is contingent upon
successful completion of the reference background checks,"
"contingent upon your representation that you are not bound by
the terms of any agreement with a previous employer," and
"contingent upon [Plaintiff's] execution of the Company's
standard employee agreement."  Compl. Ex. 1 at 2-3, ECF No. 2-1.[1]
The offer was further contingent on acceptance by October 16,
2013.  Plaintiff alleges that Defendant did not disclose that
employment was subject to any other contingencies and, instead,
represented that the prospect of employment was "rock-solid."
Compl. ¶ 79.

Plaintiff accepted Defendant's offer and resigned from his
former job to be available on the specified start date.  On
October 21, Defendant informed Plaintiff that it would need to
modify the start date pending government approval of Plaintiff's
employment.  Plaintiff alleges that prior to that date,
"Defendant had not represented . . . that further review, or any

---

[1] Plaintiff attaches the offer letter as Exhibit 1 to the
Complaint.

other review, of Plaintiff's credentials was required." Compl.
¶ 50. At Brumby's request, Plaintiff met with Brumby again on
October 24 to, allegedly, begin job training.  During this
meeting, Plaintiff alleges that "Brumby acted as if . . .
Plaintiff had the job in hand." Compl. ¶ 57.

On October 28, Plaintiff emailed Defendant requesting
information on his new start date and Defendant responded that
Plaintiff would hear back the next day.  Instead, Defendant did
not communicate with Plaintiff until November 4, and shortly
thereafter informed Plaintiff that his résumé was rejected by the
government.  Defendant thereafter allegedly "promised it was not
going to leave Plaintiff 'out to dry'" and told Plaintiff he
"needed to resign so that Defendant could offer him another
position." Compl. ¶¶ 67–68.  Plaintiff was "perplexed and
disturbed by [this] request" and refused to resign until he was
offered another position.  Compl. ¶¶ 69–70.  No replacement offer
was ever made, and, in early November, Plaintiff alleges that
Defendant informed him that he would not be hired.

Plaintiff initially brought this action in the Circuit Court
for Baltimore County claiming negligent misrepresentation,
promissory estoppel, and quantum meruit for services rendered
during the interview process.  Plaintiff requested both
compensatory and punitive damages.  Defendant, a Virginia
corporation, removed the action to this Court invoking diversity

3

jurisdiction. ECF No. 1.  Defendant then filed the instant

partial motion to dismiss the counts of negligent

misrepresentation and promissory estoppel.  ECF No. 12.

## II.  **LEGAL STANDARD**

A complaint must be dismissed if it does not allege "enough

facts to state a claim to relief plausible on its face." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Under the

plausibility standard, a complaint must contain "more than labels

and conclusions" or a "formulaic recitation of the elements of a

cause of action." Id. at 555.  Rather, the complaint must be

supported by factual allegations, "taken as true," that "raise a

right to relief above the speculative level." Id. at 555–56.

The Supreme Court has explained that "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory

statements, do not suffice" to plead a claim. Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).

The plausibility standard requires that the pleader show

more than a sheer possibility of success, although it does not

impose a "probability requirement." Twombly, 550 U.S. at 556.

Instead, "[a] claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 556 U.S. at 663.  Thus, a court must

"draw on its judicial experience and common sense" to determine

4

whether the pleader has stated a plausible claim for relief.  Id. at 664; see also Brockington v. Boykins, 637 F.3d 503, 505-06 (4th Cir. 2011).

## III. DISCUSSION

### A. Negligent Misrepresentation

The Maryland Court of Appeals recognizes five elements of a negligent misrepresentation claim:

(1)  the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;
(2)  the defendant intends that his statement will be acted upon by the plaintiff;
(3)  the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;
(4)  the plaintiff, justifiably, takes action in reliance on the statement; and
(5)  the plaintiff suffers damage proximately caused by the defendant's negligence.

Weisman v. Connors, 540 A.2d 783, 791 (Md. 1988) (citing Martens Chevrolet v. Seney, 439 A.2d 534, 539 (Md. 1982)).  To determine a party's duty of care, Maryland assesses (1) "the . . . harm likely to result from a failure to exercise due care" and (2) "the relationship that exists between the parties."  Jacques v. First Nat'l Bank of Md., 515 A.2d 756, 759 (Md. 1986).  When the harm is limited to economic loss, Maryland additionally requires an "intimate nexus" between the parties similar to "contractual privity or its equivalent."  Id. at 759-760.  Relying on Weisman and Lubore v. RPM Assocs., Inc., 674 A.2d 547 (Md. Ct. Spec. App. 1996), Defendant argues in its Motion that Maryland courts have

only found this intimate nexus in the context of contractual
negotiations between high level executives and have refused to
find such a nexus in the context of offers of at-will employment.

Plaintiff responds, correctly, that the Maryland Court of
Appeals has directly rejected Defendant's arguments.  Pl.'s Opp'n
to Mot. to Dismiss at 5-6, ECF No. 14 (citing Griesi v. Atl. Gen.
Hosp. Corp., 756 A.2d 548, 556-57 (Md. 2000) ("We reject [the
defendant's] suggestion that Weisman only applies to employment
contexts involving high-level executives or to fixed term
employment contracts.  We did not confine our holding in Weisman
so narrowly . . . .")).  Plaintiff further notes that Defendant
misconstrues Lubore, which held: "[W]e do not read Weisman to
eliminate, in all cases, the existence of an "intimate nexus"
when the parties are . . . negotiating for at-will employment.
Weisman simply does not address the issue."  Lubore, 674 A.2d at
559-60.

Instead of the categorical approach urged by Defendant, the
Court of Appeals in Griesi evaluated the "intimate nexus"
requirement based on the parties' reasonable knowledge of the
purpose of the contact, the reasonable reliance on the
information exchanged, and possibility of injury if the
information is false or incomplete.  756 A.2d at 554-55.
Specifically, the court found a personal interview, several
telephone conversations, and a written offer for a non-executive

position sufficient to establish the requisite intimate nexus.
Id. at 550, 556, 559.  This Court finds that the facts alleged by
Plaintiff are similar to those found dispositive in Griesi: the
parties conversed over the telephone and email, interviewed in
person, and exchanged written documentation of an offer and
acceptance with salary terms and a fixed start date.  Therefore,
this Court finds that Plaintiff has pled an intimate nexus
sufficient to establish a duty of care.

Defendant also argues that an employer's right to terminate
an employment relationship at will forecloses a claim of
negligent misrepresentation.  The court in Griesi also rejected
this argument.  The court reasoned that "[t]he employer's post-
employment right to terminate the employment relationship
logically or legally cannot immunize the employer from liability
for a tort committed before the termination occurred."  Griesi,
756 A.2d at 558.  The court noted that the post-employment right
to terminate may impact the plaintiff's damages, but "has no
effect whatsoever on whether he has plead a cognizable claim."
Id.

In its Reply, Defendant raises an entirely new argument that
Plaintiff failed to assert a false statement.  For purposes of
negligent misrepresentation, the defendant has made a false
statement when "the defendant (1) did not know the facts he
should have known, failed to investigate facts, or investigated

them with less than reasonable care; (2) knew the facts but used words or other communicative devices poorly; or (3) unreasonably failed to make statements at all, or failed to make statements needed to clarify the plaintiff's understanding." See Griesi, 756 A.2d at 554-56 (quoting and relying on Dan B. Dobbs, The Law of Torts § 472 (2000)).  In his Surreply,[2] Plaintiff counters that the Complaint alleges Defendant made incomplete statements by failing to disclose that his employment was contingent on Government approval: "Defendant then made Plaintiff a rock-solid, written job offer, conditional only on Plaintiff passing security and background checks."  Compl. ¶ 77, ECF No. 2.  The Court finds that Plaintiff sufficiently pled that Defendant failed to disclose material facts regarding the conditions of his employment.

Defendant further argues in its Reply that, even if Plaintiff alleges a "false statement," it does not constitute a "statement of past or present fact."  It is true that "predictive statements of future events" are generally not actionable under negligent misrepresentation.  Cooper v. Berkshire Life Ins. Co., 810 A.2d 1045, 1064 (Md. Ct. Spec. App. 2002).  Maryland has qualified, however, that statements of a speaker's present intention to perform future acts within his control may support

---

[2] Since the Court finds that Defendant raised new arguments in its Reply, it will grant Plaintiff's Motion for Leave to File Surreply.  ECF No. 18.

an action for negligent misrepresentation.  Gross v. Sussex Inc.,
630 A.2d 1156, 1169 (Md. 1993) (citing Weisman, 540 A.2d at 796).
The Court finds that Defendant's alleged false statement – that
the offer was "conditional only on Plaintiff passing security and
background checks" – may be reasonably construed as a statement
of present intention regarding matters within Defendant's
control.   Therefore, Plaintiff sufficiently pled an actionable
statement of past or present fact under Maryland law.

    Defendant also argues for the first time in its Reply that
Plaintiff's "actual employment" forecloses recovery.   As evidence
of Plaintiff's "actual employment," Defendant offers the hour-
and-a-half of "work" Plaintiff performed prior his official start
date.  ECF No. 17 at 4.  See also Compl. ¶¶ 52–56.  Plaintiff
responds that Defendant's characterization of the "training
tasks" as Plaintiff beginning work "is preposterous."  Pl.'s
Surreply at 4, ECF No. 19.  The Court finds the merit of
Defendant's argument dubious at best.  Regardless, Defendant's
argument is directly in conflict with the Complaint's allegation
that Plaintiff "would not be hired."  Compl. ¶ 72.  The Court
assesses a complaint assuming the allegations are true.  Twombly,
550 U.S. at 555.

    Having found that Plaintiff plausibly alleged the first
element of negligent misrepresentation, the Court finds that
Plaintiff has also pled the remaining elements to "raise a right

to relief above the speculative level."  Twombly, 550 U.S. at

556.  Plaintiff alleges that Defendant intended for him to resign

from his previous job, that Defendant knew that the job was

contingent on Government approval, and that without a job

Plaintiff would suffer financial loss.  Plaintiff further alleges

that he justifiably relied on a "rock solid" job offer from an

experienced recruiter and suffered damages when he was not

employed.  Compl. ¶ 77.

While permitting this claim to go forward, the Court notes

that, in Griesi, the court only found sufficient facts to support

"consequential damages in reliance on [defendant's]

representations."  Griesi, 756 A.2d at 559; see also id. at 558

(remarking that "[t]he employer's post-employment right to

terminate . . . will have a substantial bearing on the amount of

any damages").  Similarly, the Court finds Plaintiff's damages

will be limited to damages arising from Plaintiff's reliance on

Defendant's promise of employment.

### B. Promissory Estoppel

Maryland adopted the Restatement (Second) of Contracts § 90

(1979) for promissory estoppel, which considers four elements:

1) a clear and definite promise;
2) where the promisor has a reasonable expectation that the
   offer will induce action or forbearance on the part of the
   promisee;
3) which does induce actual and reasonable action or
   forbearance by the promisee; and

4) causes a detriment which can only be avoided by the
enforcement of the promise.

_Pavel Enters., Inc. v. A.S. Johnson Co._, 674 A.2d 521, 532 (Md.
1996).  Maryland courts have noted, however, that at-will
employment is a "far-reaching rule" such that "attempts to
circumvent it by relying on estoppel or similar theories have
consistently met with failure."  _Adler v. Am. Standard Corp._, 538
F. Supp. 572, 581 (D. Md. 1982).  Relying on this principle,
Defendant argues that Plaintiff cannot establish reasonable
reliance in the context of at-will employment to state a
cognizable claim for promissory estoppel.

The Complaint, however, is not attempting to modify an at-
will employment relationship.  Plaintiff's Surreply is
instructive: "Plaintiff has not argued that he had an employment
contract for a set term or that Defendant did not describe his
promised employment as at-will."  ECF No. 19 at 5.  Rather,
Plaintiff's promissory estoppel claim is based on detrimental
reliance on the "same fraudulent statement that forms the crux of
the negligent misrepresentation claim."  ECF No. 19 at 5.

The Court believes Maryland offers no binding authority
regarding whether reasonable reliance on a _promise_ of at-will
employment can support a claim of promissory estoppel.  Defendant
relies on _Greene_, an unpublished Fourth Circuit opinion, where
the court, with little discussion, found that Maryland's at-will

employment doctrine precludes promissory estoppel.  Greene v.
Nat'l Car Rental Sys., Inc., 977 F.2d 572, No. 91-2756, 1992 WL
296364 at *2 (4th Cir. Oct. 16, 1992) (Unpublished Disposition,
Table of Decisions Without Reported Opinions).  In Greene, a
Budget Rent-A-Car employee quit his job in reliance of an
employment offer from National Car Rental that was then rescinded
when National learned of prior misconduct on the part of the
plaintiff.  Id. at *1.  This Court, however, finds Greene
distinguishable not only on its facts, but also on the ground
that, in that action, the plaintiff was asserting promissory
estoppel to establish the existence of a binding employment
contract.  Id. at *2 (noting that the plaintiff argued that the
defendant was "estopped from denying the existence of a contract"
due to the plaintiff's detrimental reliance).[3]

     Instead, the Court is persuaded by the more recent treatment
of reasonable reliance by the Maryland Court of Appeals in
Griesi.  To support the viability of reasonable reliance in the
context of a promise of at-will employment, the court cited with
apparent approval several other jurisdictions that have
recognized similar claims.  Griesi, 756 A.2d at 557 n. 10.
Plaintiff argues that one of the cited cases, Grouse, is directly

---

[3] Defendant also relies on Goode where the plaintiff attempted to
enforce a promise that she could work as long as she liked to
modify her at-will employment.  Goode v. Am. Veterans, Inc., 874
F. Supp. 2d 430, 451-452 (D. Md. 2012).  Like Greene, the Court
finds Goode factually distinguishable.

on point.  In <u>Grouse</u>, the Minnesota Supreme Court permitted a
claim of promissory estoppel where an employee resigned from his
job to accept an at-will job offer that was later rescinded.
<u>Grouse v. Grp. Health Plan, Inc.</u>, 306 N.W.2d 114, 115–16 (Minn.
1981).  The court reasoned that the employee "had a right to
assume he would be given a good faith opportunity" to begin work
and relied to his detriment on that assumption.  <u>Grouse</u>, 306
N.W.2d at 116.

Other courts have also recognized a claim of promissory
estoppel in the context of a promise of at-will employment.  In a
factually similar case, the Court of Appeals for the Eighth
Circuit reasoned that Illustration 8 of Restatement (Second) of
Contracts § 90 is functionally analogous to reliance on a promise
of at-will employment:

> A applies to B, a distributor of radios manufactured by C
> for a "dealer franchise" to sell C's products.  Such
> franchises are revocable at-will.  B erroneously informs A
> that C has accepted the application and will soon award the
> franchise, that A can proceed to employ salesmen and solicit
> orders, and that A will receive an initial delivery of at
> least 30 radios.  A expends $1,150 in preparing to do
> business, but does not receive the franchise or any radios.
> B is liable to A for the $1,150 but not for the lost profit
> on 30 radios.

<u>Bower v. AT & T Techs., Inc.</u>, 852 F.2d 361, 365 (8th Cir. 1988)
(citing Restatement (Second) of Contracts § 90, cmt. d, ilus. 8

(1979)).[4]  In Bower, the court explained that while the franchise contract cannot be enforced because it is revocable at-will, the would-be franchisee is still entitled to reliance damages. Bower, 852 F.2d 361 at 365.

The Court notes that jurisdictions that recognize promissory estoppel in an at-will context limit available relief to reliance damages.  See e.g., Bower, 852 F.2d 361 at 365 (limiting relief "as justice requires"); Grouse, 306 N.W.2d at 116 (measuring damages based on reliance).  Furthermore, since "the promissory estoppel claim rests on the same fraudulent statement" as the negligent misrepresentation claim, ECF No. 19 at 5, Plaintiff's reliance damages would be the same.

## IV.   CONCLUSION

For the above-stated reasons, the Court will deny Defendant's Partial Motion to Dismiss.  A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: October 15, 2014.

---

[4] As noted above, Maryland has adopted Restatement (Second) of Contracts § 90 (1979).